UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**RODERICK DEAN**                                                                                                               **PLAINTIFF**

**v.**                                                                                 **CIVIL ACTION NO. 3:08-CV-488-H**

**FEDERAL EMERGENCY MANAGEMENT AGENCY et al.**           **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, Roderick Dean, filed a *pro se*, *in forma pauperis* complaint against the Federal Management Agency (FEMA) and Director Michael Chertoff (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff states in his complaint that he was manditorily evacuated from his home due to Hurricanes Gustav and Ike without financial assistance from Defendant. He states that he needs aid to go home. He alleges that despite complying with government orders and eligibility for FEMA money, Defendant has yet to provide any relief "(i.e. hotel expenses, etc.) making my return home, problematic, to say the least." As relief, Plaintiff wants Defendant immediately to pay for all hotel expenses associated with his evacuations, reimburse him for all evacuation expenses thus far, reimburse him for all damage to his home in association with Hurricanes Gustav and Ike, and pay for all travel expenses home.

**II. ANALYSIS**

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Dismissal of this action is appropriate because of the federal government's sovereign immunity from suit. A suit against a federal agency or a government agent in his official capacity is a suit directly against the sovereign. *Humphries v. Various USINS Agents*, 164 F.3d 936, 941 (5th Cir. 1999). Thus, Plaintiff's claims against Defendants constitute an action against the United States.

The United States is immune from suit unless "[a] waiver of the Federal Government's sovereign immunity . . . [is] unequivocally expressed in [the] statutory text." *Lane v. Pena*, 518

U.S. 187, 192 (1996). There are two possible statutory schemes that might provide a waiver of sovereign immunity with regard to Plaintiff's claims against FEMA. *See Johnson v. Fed. Emergency Mgmt. Agency*, No. 06-5972, 2007 WL 1592978, at *2 (E.D. La. May 31, 2007). Denials of federal assistance in the aftermath of a disaster concern FEMA's obligations under the Disaster Relief Act of 1974 (the Stafford Act), which allows FEMA to provide federal assistance to states when disaster strikes. *Freeman v. U.S. Dep't of Homeland Sec.*, No. 06-4846 C/W 06-5689 & 06-5696, 2007 WL 1296206, at *4 (E.D. La. Apr. 30, 2007). However, there is no language in the Stafford Act that provides an express and unequivocal waiver of sovereign immunity. *Id.* at *5. Further, the Stafford Act precludes judicial review of any claim based on the exercise of a discretionary function. *See* 42 U.S.C. § 5148. Plaintiff has identified no nondiscretionary duty that would entitle him to relief.

      The only other possible alternative that could form a basis for Plaintiff's claim appears to be the Administrative Procedures Act (APA),which "contains a limited waiver of sovereign immunity to permit judicial review to those aggrieved of agency actions." *Freeman*, 2007 WL 1296206 at *5 n.6. The APA itself is not an independent basis for subject-matter jurisdiction. *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 645 (9th Cir. 1998) (citing *Califano v. Sanders*, 430 U .S. 99, 105 (1977)). Rather, a litigant must be able to show that a federal agency has violated his rights under another statute and that the other statute does not itself forbid relief. *See id.* Plaintiff is therefore unable to rely on the APA because the statutory violation upon which it could provide jurisdiction, *i.e.*, the Stafford Act, prohibits government liability for discretionary functions. *See* § 5148; *McWaters v. Fed. Emergency Mgmt. Agency*, 436 F. Supp. 2d 802, 813 (E.D. La. 2006).

Furthermore, the waiver of immunity provided for in the APA precludes money damages and requires that there be no other adequate remedy for the claim elsewhere. *Armstead v. Nagin*, No. 05-6438, 2006 WL 3861769, at *5, *8 (E.D. La. Dec. 29, 2006). A party must exhaust all administrative appeals to the point of a final agency action before resorting to the courts. *Id.* Plaintiff here is seeking money damages, and nothing in his claim suggests that he has fully exhausted all avenues of relief within FEMA itself. Plaintiff's failure to satisfy the requirements of the APA further precludes him from relying upon it to form the basis of jurisdiction. Given that the Stafford Act does not supply a clear and unequivocal waiver of immunity and Plaintiff cannot identify a specific mandatory duty under federal law that FEMA failed to perform, the Court must find that immunity has not been waived. Thus, Plaintiff's claims must be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate order, dismiss Plaintiff's complaint for seeking monetary relief against defendants who are immune from such relief. § 1915(e)(2)(B)(iii).

Date:


cc: Plaintiff, *pro se*
    Defendants
4412.009

4